# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| ANTHONY TICHENOR, | ) |
| Plaintiff, | ) |
| vs. | ) No.  1:10-cv-2103 |
| HEALTHCARE REVENUE RECOVERY GROUP, LLC, | ) **JURY DEMAND ENDORSED HEREON** |
| Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, ANTHONY TICHENOR, by and through his attorneys, LUXENBURG & LEVIN, LLC, and for his Complaint against the Defendant, HEALTHCARE REVENUE RECOVERY GROUP, LLC, Plaintiff alleges and states as follows:

## PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq*., and the Ohio Consumer Sales Practices Act (hereinafter the "OCSPA"), Ohio Rev. Code § 1345.01, *et seq*.

## JURISDICTION AND VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692, *et seq*.  Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

## PARTIES

3. Plaintiff is an individual who was at all relevant times residing in Bay Village, Ohio.

4. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), as he is a natural person allegedly obligated to pay a debt.

5. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt or debts allegedly owed by Plaintiff.

6. On information and belief, Defendant is a limited liability company of the State of Florida, which is licensed to do business in Ohio and which has its principal place of business in Plantation, Florida.

## COUNT I

(Violation of the Fair Debt Collection Practices Act)

7. On or about July 8, 2009, Defendant mailed a letter to Plaintiff in an attempt to collect an alleged debt. A copy of said letter is attached hereto as Exhibit 1.

8. On or about July 16, 2009, Plaintiff mailed a letter to Defendant disputing the aforementioned alleged debt, requesting verification of the aforementioned alleged debt and requesting that there be no telephone calls placed to him regarding this matter. A copy of said letter is attached hereto as Exhibit 2.

9. Nonetheless, on or about July 22, 2009 and again on July 24, 2009, Defendant's representatives and/or employees contacted Plaintiff by telephone in attempt to collect the aforementioned alleged debt.

10. On or about August 7, 2009, Defendant was advised in writing that Plaintiff was now represented by the undersigned counsel in relation to its attempts to collect the alleged debt.

11. On or about December 15, 2009, Defendant mailed to Plaintiff another letter demanding payment of the alleged debt, despite having received the letter from the undersigned counsel over four months earlier. A copy of said letter is attached hereto as Exhibit 3.

12. On or about January 7, 2010, Plaintiff mailed another letter to Defendant, requesting validation of the alleged debt and reiterating his request that all telephonic communications from Defendant cease and desist. A copy of said letter is attached hereto as Exhibit 4. However, calls from Defendant's representatives and/or employees to Plaintiff continued in further attempts to collect the alleged debt.

13. On or about January 19, 2010, Defendant mailed another letter to Plaintiff in an attempt to collect the aforementioned debt. A copy of said letter is attached hereto as Exhibit 5.

14. On or about January 28, 2010, Plaintiff mailed another letter to Defendant requesting for all telephonic communications to stop. A copy of said letter is attached hereto as Exhibit 6.

15. On or about February 9, 2010, Defendant mailed yet another letter to Plaintiff in an attempt to collect the aforementioned alleged debt. A copy of said letter is attached hereto as Exhibit 7.

16. Additionally, Defendant has failed to provide verification of the alleged debt, despite repeated written requests from Plaintiff, as outlined above, but has continued in its attempts to collect the alleged debt.

17. In its attempts to collect the aforementioned alleged debt, Defendant violated the FDCPA in one or more of the following ways:

    a. Continuing to communicate with Plaintiff after Defendant was notified in writing that he refused to pay the debt and/or that he wished for Defendant

        to cease further communication with him, in violation of 15 U.S.C. § 1692c(c);

b.    Continuing collection activities without providing verification of the debt to Plaintiff after Plaintiff requested verification of the debt in writing, in violation of 15 U.S.C. § 1692g(b);

c.    Communicating with Plaintiff after Defendant had been advised that he was represented by an attorney with respect to the alleged debt, in violation of 15 U.S.C. § 1692c(a)(2); and

d.    By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

18.    As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, ANTHONY TICHENOR, respectfully prays for a judgment against Defendant as follows:

a.    Statutory damages of $1,000.00 for each violation of the FDCPA;

b.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

c.    Any other relief deemed appropriate by this Honorable Court.

## COUNT II

(Violation of the Ohio Consumer Sales Practices Act)

19.    Plaintiff hereby adopts, re-alleges and incorporates by reference all allegations set forth above as though fully rewritten here.

20. Defendant's actions in attempting to collect the alleged debt from Plaintiff as described above constitute a "consumer transaction" as defined in Ohio Rev. Code § 1345.01(A).

21. Defendant is a "supplier" as defined in Ohio Rev. Code § 1345.01(C), as Defendant is in the business of effecting or soliciting consumer transactions.

22. Plaintiff is a "consumer" as defined in Ohio Rev. Code § 1345.01(C), as he is a person who engaged in a consumer transaction with a supplier, the Defendant herein.

23. Defendant's actions and omissions described above constitute unfair, deceptive and unconscionable acts and practices, in violation of Ohio Rev. Code §§ 1345.02 and 1345.03, and the substantive rules promulgated under the OCSPA.

24. Defendant, through its agents and employees, knowingly committed the unfair, deceptive and unconscionable acts and practices described above.

25. As a result of Defendant's unfair, deceptive and unconscionable acts and practices, Plaintiff has suffered, and continues to suffer, various damages which include, but are not limited to the categories of damages described above.

WHEREFORE, Plaintiff, ANTHONY TICHENOR, respectfully prays for a judgment against Defendant as follows:

    a. Statutory damages of $200.00 for each violation of the OCSPA;

    b. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

    c. Any other relief deemed appropriate by this Honorable Court.

**JURY DEMAND**

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of his claims in this action.

Respectfully Submitted,

/s/ David B. Levin
David B. Levin (0059340)
Mitchel E. Luxenburg (0071239)
Attorneys for Plaintiff
Luxenburg & Levin, LLC
23875 Commerce Park, Suite 105
Beachwood, OH 44122
(888) 493-0770, ext. 302 (phone)
(216) 452-9302 (direct line)
(866) 551-7791 (facsimile)
David@LuxenburgLevin.com